# LAMPERT LUMBER COMPANY v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

October 23, 1914.

Nos. 18,831—(74).

**Carrier — evidence to explain bill of lading.** ·

Upon an issue as to the amount of coal delivered to a carrier for transportation, testimony of competent witnesses is admissible to prove that figures in the weight column of the bill of lading are trade abbreviations.

Action in the municipal court of Minneapolis to recover $13.90. The answer was a general denial.   The case was tried before Montgomery, J., who directed a verdict in favor of defendant.   From an order denying its motion for a new trial, plaintiff appealed.   Reversed.

*Kerr, Fowler, Ware & Furber,* for appellant.
*W. H. Bremner* and *F. M. Miner,* for respondent.

PHILIP E. BROWN, J.

Action to recover from defendant, the last of several connecting carriers, the value of part of a carload of coal claimed to have been lost in transit, and the freight charges paid thereon.

On the trial plaintiff proved defendant's delivery of the car to it, and payment of tariff charges on 60,000 pounds, although it contained only 51,700.   In order to show the net pounds received by

[1] Reported in 149 N. W. 133.

the initial carrier, plaintiff offered and the court received in evidence a standard form of bill of lading issued by it, wherein the load was described as "Lump Coal," and its weight as

"Gross  818
"Tare  318
"Net    600"

This instrument constituted an important item in making out plaintiff's case, as it evidenced the receipt of the coal by the first carrier and the agreement of affreightment, and constituted the contract between plaintiff and all carriers participating in the transportation. If it be read understandingly and the figures quoted be interpreted in accordance with plaintiff's claims, then the burden of proof devolved upon defendant to establish that the loss did not result from a cause for which it was responsible. 1 Dunnell, Minn. Dig. § 1356, 101 Am. St. 396b. Plaintiff offered to show by competent witnesses that these figures were abbreviations for hundred weight. The court, however, excluded the testimony, and directed a verdict for defendant on the ground that plaintiff had failed to prove the amount of coal delivered to the initial carrier. This was error. The rejected evidence was competent to show that the figures were mere trade abbreviations, having a recognized meaning. Maurin v. Lyon, 69 Minn. 257, 72 N. W. 72, 65 Am. St. 568. With this evidence in, plaintiff's *prima facie* case would have been made out.

Order reversed.